J-A29040-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE, LLC F/K/A CENTEX HOME EQUITY COMPANY LLC | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | : : : : : | |
| JOHN PUHL AND MARGARET PUHL, | : : | |
| Appellants | : | No. 1993 WDA 2014 |

Appeal from the Order entered on November 12, 2014
in the Court of Common Pleas of Mercer County,
Civil Division, No. 2013-2755

BEFORE:  FORD ELLIOTT, P.J.E., BOWES and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED DECEMBER 14, 2015**

John Puhl and Margaret Puhl (hereinafter "the Puhls") appeal from the Order granting summary judgment in favor of Nationstar Mortgage, LLC f/k/a Centex Home Equity Company, LLC (hereinafter "Nationstar").  We affirm.

The trial court set forth the relevant factual and procedural history in its Opinion, which we adopt herein for purposes of this appeal.  *See* Trial Court Opinion, 12/30/14, at 3-4.

On November 12, 2014, the trial court entered an Order granting Nationstar's Motion for summary judgment, and denying the Puhls' Motion for summary judgment.  The Puhls filed a timely Notice of Appeal, and a

court-ordered Statement of Matters Complained of on Appeal. In response thereto, the trial court issued an Opinion.

On appeal, the Puhls raise the following issues for our review:

1. Did the trial court err as a matter of law when it granted [Nationstar's] [M]otion for summary judgment on the grounds that [Nationstar] had standing to bring this foreclosure action because it possessed the original note, even though it did not own the note or possess the current debt instrument?

2. Does a plaintiff who possesses a note have standing to bring an action in foreclosure if that note no longer represents the debt instrument?

3. If a note has been sold to a third party, turned into a security and then sold again, does the original holder of the note have standing to bring an action simply because it possesses the note document as it existed prior to any transfers?

4. If a matter is dismissed without prejudice by the granting of preliminary objections[,] and then refiled without any additional evidence, is the issue upon which dismissal was granted subject to issue preclusion (*res judicata*)?

5. Did the trial court err as a matter of law when it granted [Nationstar's] [M]otion for summary judgment[,] and found that there were no genuine issues of any material fact upon which a reasonable trier of fact could find in [the Puhls'] favor?

Brief for Appellants at 5 (some capitalization omitted, issues renumbered for ease of disposition).

Our standard of review of an order granting a motion for summary judgment is well-established:

We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and

- 2 -

it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. Our scope of review of a trial court's order granting or denying summary judgment is plenary, and our standard of review is clear: the trial court's order will be reversed only where it is established that the court committed an error of law or abused its discretion.

***Daley v. A.W. Chesterton, Inc.***, 37 A.3d 1175, 1179 (Pa. 2012) (citation omitted).

As the Puhls' first three issues pertain to the issue of standing, we will address them together. The Puhls contend that Nationstar previously filed an action for mortgage foreclosure against them involving the same property, mortgage and note at issue in this action.[1] Brief for Appellants at 14. The Puhls assert that, in the Mercer County action, Nationstar had failed to deny, and thereby admitted, that it was not the owner of the note at the time it filed its prior complaint, resulting in the granting of the Puhls' preliminary objections and the dismissal of that action. ***Id***. at 14-15. Thus, according to the Puhls, they successfully established that Nationstar did not have standing in the Mercer County action. ***Id***. The Puhls argue that Nationstar has refiled this action without presenting any new evidence to demonstrate that it has standing, requiring dismissal of this action. ***Id***. at 15.

The Puhls contend that, at the time the Complaint in Mortgage Foreclosure ("Complaint") was filed in this action, the owner of the note was

---

[1] ***Nationstar Mortgage, LLC v. Puhl***, Mercer County Court of Common Pleas, Docket No. 2007-3855 (filed September 20, 2012) (hereinafter "the Mercer County action").

Newcastle Mortgage Securities Trust 2006-1 ("Newcastle"). *Id*. at 17. The Puhls assert that, because "Northstar aka Centex"[2] was not a real party in interest, it lacked standing to bring this action. *Id*. at 18. The Puhls also claim that Nationstar has failed to prove that it is the holder of the note through properly authenticated and original documents. *Id*. The Puhls argue that Nationstar's possession of the original note document is no longer evidence of the current debt instrument, as the debt was converted to securities (*i.e.*, bonds) that were sold to Newcastle, which thereafter sold the securities to investors. *Id*. The Puhls contend that Nationstar has not presented evidence that it is the holder of the securities, or that it is entitled to enforce the collection of the securitized debt.[3] *Id*. The Puhls assert that Newcastle is currently in possession of the bonds, and that it possessed the bonds at the time the Complaint was filed. *Id*. at 19. Finally, the Puhls claim that, because the note was purchased from Nationstar, it has already been made whole. *Id*.

---

[2] It is unclear as to whether the Puhls' repeated references to "Northstar Mortgage, LLC fka Centex Home Equity Company, LLC" or "Northstar," *see* Brief for Appellants at 9, 17, 18, constitute erroneous references to *Nationstar*, the plaintiff/appellee herein; or whether the Puhls intended to reference an entirely different entity, of which there is no evidence of record. We will assume that the references to *Northstar* were intended to be references to *Nationstar*.

[3] Although the Puhls contend that Newcastle sold the securities/bonds "to investors," *see* Brief for Appellants at 18, the Puhls also contend that Newcastle remains the owner of such securities. *See id*. at 19 (wherein the Puhls allege that Newcastle is the owner of the bonds, which are the "current evidence of the debt").

The trial court addressed the Puhls' first three issues, set forth the relevant law, and concluded that these issues lack merit. ***See*** Trial Court Opinion, 12/30/14, at 5-8. We concur with the reasoning of the trial court and affirm on this basis as to the Puhls' first three issues. ***See id***.

In their fourth issue, the Puhls contend that the action is barred by the doctrine of *res judicata* because "the Complaint in this matter is essentially identical to the Complaint in [the Mercer County action], and does not include any additional documentation or evidence indicating that Nationstar [] owns the note it now seeks to foreclose upon." Brief for Appellants at 22. The Puhls assert that "(1) the same thing is being sued upon or for in both cases; (2) the cause of action is the same; (3) the identity of persons and parties to the action are the same; and (4) [the] identity of the quality or capacity of the parties suing or sued is the same." ***Id***. The Puhls claim that the trial court erroneously determined that the Mercer County action was dismissed because Nationstar admitted, by not specifically denying, that it did not hold the note. ***Id***. The Puhls assert that this is "not the whole story," and that the Mercer County trial court determined that Nationstar "did not have standing because the undisputed evidence provided by [the Puhls] 'established' this fact despite [Nationstar] producing the exact same documentation it presented to the [trial c]ourt in this matter."[4] ***Id***. The

---

[4] The Puhls have not identified what other "undisputed evidence" the Mercer County trial court purportedly relied upon in determining that Nationstar lacked standing to bring that action.

- 5 -

Puhls contend that, to have standing, one must have (1) an immediate discernable adverse effect if the debt is not paid; and (2) an interest in the satisfaction of the debt. *Id*. at 23. According to the Puhls, Nationstar was already made whole when it sold the debt; hence, the only entity which would have an immediate discernable adverse effect if the debt isn't paid is Newcastle. *Id*.

The trial court addressed the Puhls' fourth issue, set forth the relevant law, and concluded that it lacks merit. *See* Trial Court Opinion, 12/30/14, at 8-9. We concur with the reasoning of the trial court and affirm on this basis as to this issue. *See id*.

Although the Puhls have identified a fifth issue in their Statement of Questions Involved, *see* Brief for Appellants at 5, they have failed to include any discussion of this issue in their brief. Therefore, this issue is waived. *See* Pa.R.A.P. 2119(a).[5]

Order affirmed.

---

[5] Even if the Puhls had properly addressed this issue in their brief, we would have concluded that it lacks merit for the reasons set forth by the trial court. *See* Trial Court Opinion, 12/30/14, at 9-10.

J-A29040-15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2015